UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GAUTAM GAUTAM
(A-Number: A-246-260-141),

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden,
California City Correctional Center,

Respondent.[1]

No. 1:26-cv-02305-KES-HBK (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN FOURTEEN
DAYS

Docs. 1

Petitioner Gautam Gautam is an immigration detainee proceeding with a petition for writ

of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has

previously addressed the legal issues raised by claim two of the petition. *See, e.g.*, *Elmer Joel M.

C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025);

*Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12,

---

[1] In addition to naming Christopher Chestnut (the Warden of the California City Correctional Center), petitioner also named as respondents Todd Lyons, Pamela Bondi, and the Secretary of Homeland Security. *See* Doc. 1. As petitioner challenges his present physical confinement, *see* Doc. 1, Prayer for Relief at ¶ 2, a core habeas challenge, the warden of California City detention center is the proper respondent. For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024). The motion to dismiss from this action all respondents other than petitioner's immediate custodian, the warden, is GRANTED. *See* Doc. 8.

1

2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. Respondent states that he does "not have legal arguments to distinguish this case from prior orders issued by the Court, nor [does he] find material factual differences between this case and those identified by the Court." Doc. 7 at 2. While respondent opposes the petition, he does not raise any new arguments.[2] *See id.* at 2–4.[3]

Respondent indicates that immigration authorities detained petitioner after he was charged with possession of a stolen firearm. *See id.* at 9. Petitioner alleges that although he was detained on one occasion by local law enforcement, he was interviewed and released and was not, to his knowledge, subject to further investigation or charges. Doc. 9 at 3. In response to the Court's

---

[2] Respondent cites to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)). Doc. 7 at 2–3. The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

[3] Respondent also requests, in the alternative, that the Court hold this case in abeyance pending the appeals in (1) *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231, or (2) *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 7 at 3–4. But respondent does not argue that petitioner is subject to § 1226(c), and here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance.

request for supplemental briefing, respondent indicates that petitioner was detained by local law enforcement on March 12, 2026 for possession of a stolen firearm, and that immigration authorities took him into custody the following day. *See* Doc. 11 at 2. Respondent subsequently filed a copy of a state felony arrest warrant, indicating that the arrest warrant was issued on March 12, 2026, one day before petitioner was re-detained by immigration officials. Doc. 12. Respondents note that there are no pending criminal charges against petitioner involving possession of a firearm. Doc. 11 at 2 & n.2. Respondent does not argue that petitioner has been convicted of any charge. *Cf. Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit."). Respondent also does not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c). While the arrest warrant and investigation may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's due process right to such a determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

Respondent also argues, in the alternative, that the appropriate remedy is a post-deprivation bond hearing where petitioner bears the burden of proof. Doc. 11 at 9. But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).[4]

--------

[4] *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) does not foreclose petitioner's due process claim. There, the court upheld § 1226(a)'s procedures as applied at an initial custody

Courts have required that the burden be on the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.* The Court will therefore order respondent to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner is a flight risk or danger by clear and convincing evidence.

As respondent has not made any new legal arguments and has not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[5]

Respondent is ORDERED to provide petitioner Gautam Gautam (A-Number: A-246-260-141) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondent shall provide petitioner with 48 hours' written notice before the bond

---

determination. As another court explained in a similar case involving a noncitizen who, like petitioner, was released from detention pursuant to § 1226(a) and was subsequently re-detained without bond, "[u]nlike the petitioner in *Rodriguez Diaz*, [the petitioner] was initially released" following a finding that he was not a flight risk or danger. *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025). "*Rodriguez Diaz* [] does not limit the Due Process rights of those petitioners whom the government had already voluntarily released." *Id.*; *see also Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

[5] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

4

hearing.  At that bond hearing, it is the government's burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. [6]

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    April 16, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[6] This Order does not address the circumstances in which petitioner may be detained in the event he becomes subject to an executable final order of removal.